Good morning, Your Honor, and may it please the Court, my name is Robert Elman. I represent the United States in this case. This is a case in which the defendant was convicted of driving under the influence of alcohol in a bench trial before a magistrate judge. The defendant appealed his conviction to the district court, which reversed, and in this appeal the United States assigns error to the district court's ruling. I'd like to explain why the district court erred in reversing that decision, and then finally address the jurisdictional argument raised. Does a magistrate get the benefit of Rule 52 on a non-jury verdict? Do you mean in terms of examining the evidence in a light most favorable? Yes, absolutely, Your Honor. And that proceeding before the district court is an appeal, and the breadth of review is the same, the scope of review is the same as if it had been a trial and the district court appealed to this court. And that's where the error lies, actually. In this case, the government presented a great deal of evidence indicating that the defendant had been driving under the influence of alcohol to a degree which prevented him from driving the vehicle safely. He was pulled over for doing 70 miles per hour in a 45-mile-per-hour speed zone, and when confronted with that fact, stated that he failed to realize how fast he was traveling. When he exited the car, the ranger who pulled him over observed that he had a strong odor of alcoholic beverages about him. He admitted that he had been drinking, and in addition to having difficulty walking, he failed field sobriety tests. His eyes were dull and deliberate, and after he had been Mirandized, in addition to explaining that he had been drinking, he stated that he felt buzzed and that he had felt more buzzed at the time he was pulled over. In his testimony, he explained that he had gone to a wine-tasting event, which began at approximately 6.15 that evening, continued drinking until a point in time at approximately 8 or 8.30, then had another drink at a different establishment at 9 o'clock, and he was pulled over at 9.40 p.m. When asked by the ranger to assess his level of drunkenness, the defendant stated that he was about a 4 on a scale of 0 to 10. Counsel, in the decision of the district court, he says, and I read, that after reviewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of count one beyond a reasonable doubt. Under the circumstances, what is the test we deal with? I'm familiar with the Taylor case and the double jeopardy issue, but I'd be interested in this from the government's perspective. When what is in effect a court of appeal for the magistrate judge's decision is being reviewed by the district court, finds that no trier of fact, no rational trier of fact could find sufficient evidence, what impact, if any, does that have on the double jeopardy issue? Well, I guess I should answer that a few different ways. First, Your Honor, although the district court recited the correct standard of review, he did not, in fact, apply the correct standard. What standard did the court apply? Well, he substituted his own judgment for that of the magistrate court. Instead of viewing these facts in a light most favorable to the prosecution, he addressed a number of the inculpatory facts that the government had presented and then hypothesized innocent explanations for them. For example, when discussing the defendant's watery and bloodshot eyes, he hypothesized that perhaps the defendant had been up late the night before. In addressing the slow and deliberate speech, he said that some people talk faster than others. He had never heard the defendant speak before, and perhaps he was one of those people who speaks slower than others. With respect to the defendant's failure of the one-leg stand test, which is one of the field sobriety tests, he observed that some people have poor balance and perhaps could not pass that test regardless of whether they were sober. So what you're saying is that instead of reviewing for substantial evidence, he just basically explained away the evidence that the magistrate judge had found persuasive. Correct. But the language that he used, though, is a little troubling to me because of the fact that he says in the light most favorable no rational trier of fact could have found the essential elements of the crime. I must confess, I was troubled in reading the transcript. I had some real difficulty understanding how the district court could get where it got. But on the other hand, we do have an issue here. If no rational trier of fact could have found that, doesn't that raise a possible double jeopardy argument? Well, first, this Court reviews that determination de novo also and, in fact, applies precisely the same review that the district court was supposed to apply. So the answer to that is no. And I would like to cite you to a number of cases in which appellate courts have approved this two-tiered review that I think concerns you with respect to double jeopardy. They're all cited in our brief. The cases are Duncan, Aslam and Moore from the Fifth, Fourth and Second Circuits. All of them approve this second tier review. And I appreciate that, counsel. I've read those cases. I'm just concerned about the sweeping nature of the district court's finding. When there are no facts at all that anybody could find it that way, it seems to me you get very close to the line there. Admittedly, the district court was supposed to be reviewing that as a court of appeal. But I just wanted your take on that element. Well, I guess I have two responses. One, but for the error in that assessment, I think you would be right. There would be a double jeopardy implication. If that evidence hadn't supported it and there were, in fact, an insufficiency, then the government would have failed in its proof and double jeopardy would be implicated. If this court grants the relief the government requests, the defendant will not be tried again, so there won't be any double jeopardy violation. And, of course, a number of cases say that as well. With respect to the jurisdictional attack, I guess I'd only offer a couple of observations. The government's appeal is under Title 18, Section 3731, which says that the government can appeal from the dismissal of an indictment or information. And as Defendant's Counsel correctly observes, strictly speaking, that is not what we have here. We don't have the dismissal of an indictment or an information. But the United States Supreme Court has already addressed that point conclusively in Martin Lennon's supply and in Wilson, stating that the form of the district court's ruling is not dispositive. Wilson also eliminates all statutory barriers to the government's appeal. The only relevant inquiry under both of those cases is whether you have a double jeopardy implication, which you do not have here. Counsel, I'd like you to turn back to the regulation. The magistrate dismissed the one charge, and the speeding charge is not appealed here, so we're only left with the one claim, which I think is the 4.23a1. Is that correct? That's correct, Your Honor. Okay. How do I – I don't know how the defendant can contest. He's not under the influence of alcohol since he's conceded that he was drinking. But how do we measure the renders the operator incapable of safe operation? Well, that's why you have field sobriety tests, for example, Your Honor, two of which the defendant failed. Is there any further – I didn't see any further definition here in the regulation of that term. That's not a defined term. I don't believe it is. We have to figure out for ourselves what renders the operator incapable of safe operation means. Correct. And you look at the indicia in the record, which in this case is the evidence the government presented, such as inability to walk without difficulty, failure of field sobriety tests, traveling 70 miles per hour in a 45-mile-per-hour zone. Do we get to consider the results of the breathalyzer test that was administered in the field? I don't believe so. And the magistrate judge expressly excluded that in making this determination and considered it only for the probable cause determination. I think this Court must do the same. And this particular question hasn't appeared in this circuit before, has it? Do you mean the jurisdictional question? Yes. I believe you're correct. That is the appeal from a magistrate's non-jury. I don't believe it – I don't believe it has been addressed. Specifically, the appeal from a complaint as opposed to – There's one on the Third Circuit. I think we cited a couple from other circuits. But I don't believe there's a published Ninth Circuit opinion on that. We probably have to if we – whatever we do, we probably have to publish something on it. Well, I would ask you to join the Second and Fourth Circuits in their analysis in Aslam and Moore and treat a complaint as a functional equivalent of an indictment And also simply to apply, really, Martin Lennon's supply in Wilson. Is there something – I shouldn't ask you anything outside the record, but is there anything unusual going on in Nevada? Is this particular Federal reservation a speed trap or something or something that the judge down there knows that we don't know about the – Well, first observe I am out of time and I'll ask permission to answer that question. Of course. Your Honor, I don't have any statistical information handy, but I can tell you that we do have quite a few cases that originate in the Lake Mead Recreational Area for driving under the influence. Quite a few. We've got two of them here today. That's correct. And I had been assigned to both. Thank you very much. Thank you. Mr. Watkins. Good morning, Your Honor. May it please the Court. I represent Dr. Stanton, as you're well aware. I'm not going to go through the facts. I try to do a diligent job for the Court going through the facts, pointing out all the contradictions and why Judge Mayhem's decision was, in fact, a correct one. First thing I'd like to point out is that I don't believe the Court has any jurisdiction in this particular case, because under the appellate statute, this is not an information, this is not an indictment, this is a complaint. And I don't believe that we should use, like one of the circuits says, a functional equivalent, do anything we can to try to avoid the clear language of the statute. Mr. Watkins, if you were making this argument, if this argument were being made to a court for the first time, I think it would be a very, very troubling argument. And that is to say, I think you would have raised a very, very troubling point for us. But what do we do with two Supreme Court cases that are now 30 years old, almost 30 years old, that tell us that the only constraint on our appellate jurisdiction in this case is the Double Jeopardy Clause? Your Honor, that's really not the situation here. What the government did, they cited Martin Linnan, but they didn't give you the complete cite. Martin Linnan said that the government has a right to have an appeal when it's, in fact, expressly stated in the appellate statute. Well, I read Martin Linnan this morning, counsel. I don't think that's exactly what Martin Linnan says. I quoted it, and I'll stand by my quote, that it says that you have to expressly you know, fall within one of the categories. And so here's what we have here. Counsel, let me read you the paragraph. And this is the paragraph you're quoting from. Let's start with the quote that you started with, okay? Okay. It has long been established that the United States cannot appeal in a criminal case without express congressional authorization.  That's very favorable to you. This is old law. Only two years ago, Wilson traced the uneven course of such statutory authority until 1970 when Congress amended the Criminals' Appeal Act. It suffices for present purposes that this Court in Wilson found that in acting Section 3731, Congress intended to remove all statutory barriers to government appeals and to allow appeals whenever the Constitution would permit. Therefore, and now the Court is now no longer quoting Wilson, but this is its own addition in the Lennon case, unless barred by the double jeopardy clause of the Constitution, appeals by the government from judgments of acquittal entered by the district court under Rule 29C are authorized by 3731. If you take the position that the government can appeal anything so long as it's not in violation of the Constitution, then you make a nullity out of the 3731. And Woodruff, by the way, you've got a Ninth Circuit case here that also 1995, that's after Martin Lennon, that makes it very clear it's got to fall within one of the express concerns of the language. Which case are you referring to? Woodruff. I cited that for you as well. That's a Ninth Circuit case and says that it has to fall within the statutory definition. So we have at least three other circuits that have, again, with decisions that go back 25 years or better, construing Martin Lennon and Wilson, and have acknowledged just as you have argued, that a plain text reading of that statute would not allow an appeal in this case, but that in light of the Supreme Court statements that they were obligated to allow those cases. We will have to go into conflict with three other circuits with decisions that have been sitting there for 25 years and that Congress has not taken any action to correct. I don't really think there's a conflict, because I think what they're saying is, is that you have a right to appeal if there's express language, okay?  If you have a right to appeal, if there's express language, but it violates the Constitution, the way the Court, your question to me, would make a nullity out of the appellant statute, meaning they could appeal anything, and I don't believe that's the situation. But, counsel, that's what those three courts appeal. I don't see how you can distinguish those three courts' appeals. No. They just ignore the language. Right. What I'm saying is you want to ignore the language and say, you know, they can appeal whenever they want so long as it doesn't violate the Constitution, then I lose. But I don't believe that this Court should do that.  But you're telling, you're asking us to go into conflict with three decisions by courts of appeals, some of which are 25 years old and which Congress has made no effort to correct. And there's no, there's no, you have no, you have no authority running in your favor. Yes, I do. Woodruff. I got a Ninth Circuit case. Woodruff. That's, it's very clear. Counsel, can I, can I ask for a point of clarification? And so anyway, that was my one issue. Yes, sir. If I can ask for a point of clarification. I'm looking at 3731. And it says here, in a criminal case on appeal by the United States shall lie to a court of appeals from a decision, judgment or order of a district court dismissing an indictment or information. It doesn't mention the complaint. Is that your point? That's my point, Your Honor. It doesn't say the complaint. And we know that complaints are for lesser offenses. And clearly, if the, if Congress wanted to include a complaint, they certainly should have done so. Now, you can do like some of the other circuits, which I find appalling as a lawyer and say, well, it's a functional equivalent. It doesn't really say that, but I'm going to ignore it and go with it. So if that's what the Court does, then I lose that particular issue. But your, but your point, so I understand it clearly here. This was a complaint. Your point is this is a complaint. It's not encompassed in 3731. Whatever the Court said in Wilson and Martin. That's correct. It doesn't deal with the issue of a complaint. It deals with what the statute specifically says, which is the information and an indictment, right? Is that your point? That's my point, Your Honor. Also, the other issue is, is the double jeopardy issue. We got a situation here where Judge Mayhem found that no rational prior fact could find proof beyond a reasonable doubt. My client was acquitted. He entered an acquittal. And now the government's coming up here, and they're filing an appeal on an acquittal. No, but he's, no, he was not acquitted. Yes, he was acquitted, according to the judge. No, Counselor, he was not. And that's quite clear in the cases. The district court had appellate jurisdiction. And it is just as though we reversed something. The double jeopardy clause does not enter in that kind of a case. I believe in this particular case that it, that it should, the government shouldn't have a right to have two appeals. The judge, if that was the only appellate court, that would have been the end of it, because it would have been an acquittal. If it had been tried before the district court in the first instance, it would have been an appeal, and your argument would be perfectly good here. But now the government gets another shot. So what I'm saying to you, I find that there's, you know, that there's, I believe that there's a double jeopardy issue here. Well, that's been pretty clearly rejected by every court that's seen it, so. And the next issue here is that the government, just about some of the facts here, the government says the entire basis for the arrest in this particular case was because my client didn't pass the roadside exercises and the PBT. That was, that's what they said in their, in their, in their opening brief. That was the basis, that was the cootie bra that allowed them to arrest my client. Now, I've shown this court, my client performed these tests on a hill. You've got photographs in this case that clearly show that. And the PBT was admitted over objection in this particular case for the lack of foundation. The government can't admit a test without showing that the test is, in fact, accurate. And they didn't do that. So bottom line is, the roadside test could not, in fact, in any way be considered valid in this case. The PBT isn't valid. There wasn't even any basis to arrest. And that's why Judge Mayhem, based upon all the contradictions, and again, if you want me to go through these contradictions, I'll go through. But for example, this ranger. Well, when I first observed it, was it like mile marker one? And then in another document, it was first observed at mile marker one five. And then when I stopped him, it was mile marker two. No, then I stopped him at one five. Okay, we established where the stop took place. It was at 2.1 mile marker. And we got photographs shown at the hill where he performed a field sobriety test. Dr. Stanton performed these with sandals on a hill. Also, it seems to be a little odd to me is how any reasonable person could think that there was fairness here when the HGN was given with strobe lights in my client's eyes. Now, the judge said, I'm not going to consider that. Well, but so were the other tests. Not only were they done on a hill, but they were done in strobes. And all the contradictions in this particular case, there was the trial judge error. Okay, no rational trial fact on these facts could have found proof beyond a reasonable doubt. And that's why Judge Mayhem reversed accordingly. And again, the record clearly shows that the deciding factor to find my client guilty of this charge was because he was speeding. Okay, my client vehemently, quote, disputes that he was doing 70, but he said he was speeding. But the point being is the trial judge took that. That was somehow, because of the speeding, that showed that he was under the influence to a degree that rendered him incapable of safely driving. And I went to him. Well, your client may dispute that he was 70, but that's what the officer testified to. Your client testified that he typically did speed through this area, but that he usually only went 10 miles. Five to 10 miles an hour. Right, which would have been putting him at 50 to 55. So he's, by his own admission then, if you credit the testimony of the officer, he's 15 miles above the way he typically drives in that area. And I don't think that's a distinction with a difference here, because the point being is if someone's going 70, does that mean that they're under the influence? You have to look at all the evidence in this particular case. On my last page of my brief, I point out all the things, you know, that my client did appropriately. My client wasn't incapable of safely operating this vehicle. This ranger wanted an arrest and was going to arrest and did. And all the contradictions in this particular case, I mean, they're wrought with contradictions. And then how can you, you know, you'd be found not guilty, you know, of driving with a particular alcohol level, and then based upon this record, be found guilty of being under the influence? So Judge Mayhem was correct in his decision. There is not sufficient evidence to warrant a conviction in this particular case. And again, I don't believe that the government has even a right to be here on the appeal. As they admit in their opening brief, as you heard, Nargi, well, this wasn't a complaint. You may want to finish up, counsel. You're a minute over your time. All right. Thanks. Mr. Hellman. Your Honor, I didn't reserve any rebuttal time. I realize the amount of time, so I'll ask the Court's permission. We'll give you about 30 seconds to give us whatever points you think we need to know. The only point I wish to make is that the arguments defense counsel is making now are impeachment arguments, which he made very ably before the trier of fact. But it's the trier of fact's duty to weigh those arguments and to resolve the conflicts in the evidence. That was done, and it was done rationally. And for that reason, the magistrate's conviction of this defendant should be upheld and must be upheld under this Court's standard of review. Thank you. Thank you, counsel. We thank both counsel for the argument. The United States v. Stanton is submitted.
judges: Goodwin, Bybee, M. Smith